**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4844**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

MONTRELL SMILEY,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (CR-05-80)

———————

Submitted:  June 30, 2006          Decided:  August 14, 2006

———————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Matthew G. Kaiser, Assistant
Federal Public Defender, Paresh S. Patel, Staff Attorney,
Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United
States Attorney, Michael C. Hanlon, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Montrell Smiley appeals his 120-month sentence imposed after he pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), (f) (2000), and one count of interference with interstate commerce by bank robbery, in violation of 18 U.S.C. § 1951 (2000). For the reasons that follow, we affirm.

Smiley asserts that his sentence, which is fifteen months above the recommended advisory guideline range of 84 to 105 months' imprisonment, is both procedurally and substantively unreasonable. Smiley argues that his sentence is procedurally unreasonable because the district court did not adequately consider the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) or the arguments of defense counsel. Smiley argues that his sentence is substantively unreasonable because the district court found no facts, other than those considered by the sentencing guidelines, which justified Smiley's above-the-guidelines sentence. Smiley's arguments are unavailing.

A post-<u>Booker</u>* sentence may be unreasonable for procedural and substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons . . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the

---

*<u>United States v. Booker</u>, 543 U.S. 220 (2005).

Sentencing Commission." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.) (citations omitted), cert. denied, 126 S. Ct. 2054 (2006). While a district court must consider the various factors in § 3553(a) and explain its sentence, it need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Even if the sentence exceeds the advisory guideline range, it will generally be deemed reasonable "if the reasons justifying the variance are tied to § 3553(a) and are plausible." Moreland, 437 F.3d at 434.

We find the district court's explanations of its reasons for sentencing Smiley satisfied these standards, and Smiley's sentence was therefore reasonable. The court cited several § 3553(a) factors in concluding that the guideline range was inadequate. The court reviewed "the nature and circumstances of the offense" and the "history and characteristics of the defendant," § 3553(a)(1), observing that Smiley served nine years in prison for another string of robberies and had been out of jail only eight months when he committed the instant offenses. With respect to the need for the sentence imposed, the court went on to consider the seriousness of the offense and the goals to promote respect for the law, to deter criminal conduct, and to protect the public. See § 3553(a)(2)(A),(B). The court concluded that the

combination of Smiley's past criminal history, the current offenses and his drug addiction supported a higher sentence.

We conclude that the variance sentence imposed by the district court was "selected pursuant to a reasoned process in accordance with the law." United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, 126 S. Ct. 2309 (2006). We also find that the extent of the variance, which was the minimum sentence the district court found proper to impose under the circumstances, was reasonable. See Moreland, 437 F.3d at 436 ("The second question we must address is whether the extent of the variance was reasonable."). We therefore conclude that the district court acted reasonably in imposing this variance sentence.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED